JUDGE BATTS

# 11 CIV 1798

Carla R. Walworth (CW-5401)
Cynthia A. Curtin
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile: 212-319-4090
carlawalworth@paulhastings.com
cynthiacurtin@paulhastings.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPITAL ONE, NATIONAL ASSOCIATION,

                  Plaintiff,

         - against -

SURREY EQUITIES, LLC; SENERGY USA LLC; JACOB
FRYDMAN; EDWARD SILVERA; and LEON SILVERA
          Defendants and Interpleader Defendants.
BASSET LLC; COMMERCE CENTER ACQUISITION
LLC; COMMERCE CENTER MANAGER LLC; EDWARD
SILVERA AND EVE SILVERA; JAFCO HOLDINGS LLC;
LEON EDWARD SILVERA BY EDWARD SILVERA
CUSTODIAN; SAWMILL INVESTORS LLC; SAWMILL
MANAGEMENT CORP.; SILVERA ASSET GROUP LLC;
SILVERA PROPERTY GROUP; SURREY BUCHAREST
LLC; SURREY EQUITIES ACQUISITION; SURREY
FONDREN INVESTORS LLC; SURREY FORREST OAKS
LLC; SURREY INVERNESS LLC; SURREY INVERNESS
LLC WELLS FARGO NA AS TRUSTEE FOR
REGISTERED HOLDERS OF CHASE COMMERCIAL
MTG SEC CORP.; SURREY MEDWICK ACQUISITIONS
LLC; SURREY PROPERTY MANAGEMENT LLC;
SURREY SAWMILL ACQUISITION LLC; SURREY
SAWMILL PARTNERS LLC; SURREY SAWMILL
MANAGEMENT CORP.; and TIVOLI PARTNERS LLC.
              Interpleader Defendants.

---

Civil Action No.

         Complaint
            and
      Interpleader


RECEIVED
MAR 15 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Capital One, National Association, by its attorneys Paul, Hastings, Janofsky & Walker

LLP, hereby files its Complaint, and states as follows:

## INTRODUCTION

1.      Plaintiff Capital One, National Association, ("Capital One" or "Bank") brings this action to recover approximately $637,982.95 owed to it by Surrey Equities, LLC, Jacob Frydman,  Edward Silvera, and Leon Silvera (hereinafter referred to collectively as "Defendants"), under various promissory notes, letter agreements, and guaranties.  In addition, Capital One brings this action as an Interpleader Plaintiff to assure proper distribution of the remaining funds, approximately $556,274.12, held by Defendants under 28 deposit accounts. Attached as Exhibit 1, is a chart of the various deposit accounts held by Defendants with Capital One.  Under the various promissory notes, letter agreements, and guaranties, Defendants borrowed money and received other financial accommodations from Capital One, and Defendants promised to pay certain amounts, including principal and interest, totaling $637,982.95, on the conditions set forth therein.  In addition, in order to induce Capital One to extend or continue to extend credit or other financial accommodations to Defendants, Jacob Frydman, Edward Silvera, and Leon Silvera executed various guaranties unconditionally guaranteeing Defendants' obligations under the various promissory notes and letter agreements. Defendants have defaulted on their obligations under the various promissory notes, letter agreements, and guaranties.  Although Capital One promptly provided Defendants with Demand Letters notifying Defendants' of their default, Defendants have not paid Capital One the outstanding balance owed, regardless of the fact that Defendants, by their own admission, have numerous checking and/or money market accounts with balances held by Capital One. Therefore, Capital One brings this action for breaches of contract and interpleader, among other claims, in order to recover the debt owed to it by Defendants.  Capital One also brings a count to pierce the corporate veil against the Defendants and Interpleader Defendants.

**Parties**

2.      Plaintiff Capital One is a national bank with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.  Capital One is a successor by merger to North Fork Bank ("North Fork"), which merged with and into Capital One, N.A. on or about August 1, 2007.

3.      On information and belief, Defendant and Interpleader Defendant Surrey Equities, LLC ("Surry") is a New York limited liability company with its principal place of business at 40 Fulton Street, Floor 6, New York, NY 10038.  On information and belief, Surry is a citizen of New York and New Jersey.

4.      On information and belief, Defendant and Interpleader Defendant Senergy USA LLC is a Delaware limited liability company with its principal place of business at 885 Second Avenue, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038.  On information and belief, Defendant and Interpleader Defendant Senergy USA LLC is a citizen of New York and New Jersey.

5.      On information and belief, Defendant and Interpleader Defendant Jacob Frydman ("Frydman") is a New York resident, residing at 40 Fulton Street, Floor 6, New York, NY 10038.

6.      On information and belief, Defendant and Interpleader Defendant Edward Silvera is a New Jersey resident, residing at 10 Surrey Lane, Ocean, NJ 07712.

7.      On information and belief, Defendant and Interpleader Defendant Leon Silvera is a New York resident, residing at 10 Surrey Lane, Ocean, NJ 07712.

8.      On information and belief, Interpleader Defendant Basset LLC is a Delaware limited liability company with its principal place of business in New York.  On information and belief, Interpleader Defendant Basset LLC is a citizen of New York and New Jersey.

9.      On information and belief, Interpleader Defendant Commerce Center Acquisition LLC is a Delaware limited liability company with its principal place of business at 1 Dag Hammarskjold Plaza, 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, Floor 6, New York, NY 10038.  On information and belief, Interpleader Defendant Commerce Center Acquisition LLC is a citizen of New Jersey.

10.     On information and belief, Interpleader Defendant Commerce Center Manager LLC is a Delaware limited liability company with its principal place of business at 1 Dag Hammarskjold Plaza, 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, Floor 6, New York, NY 10038.  On information and belief, Interpleader Defendant Commerce Center Manager LLC is a citizen of New York and New Jersey.

11.     On information and belief, Interpleader Defendant Edward Silvera and Eve Silvera is a New York resident, residing at 10 Surrey Lane, Ocean, NJ 07712.

12.     On information and belief, Interpleader Defendant Jafco Holdings LLC is a New York limited liability company with its principal place of business at 40 Fulton Street, 6th Floor, New York, NY 10038.  On information and belief, Interpleader Defendant Jafco Holdings LLC is a citizen of New York.

13.     On information and belief, Interpleader Defendant Leon Edward Silvera by Edward Silvera, Custodian is a New York resident, residing at 10 Surrey Lane, Ocean, NJ 07712.

14.     On information and belief, Interpleader Defendant Sawmill Investors LLC is a Delaware limited liability company with its principal place of business at 885 Second Avenue, Room 3400, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Sawmill Investors LLC is a citizen of New York and New Jersey.

15.     On information and belief, Interpleader Defendant Sawmill Management Corp. is a New Jersey and New York company with its principal place of business at 40 Fulton Street, 4th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Sawmill Management Corp. is a citizen of New York and New Jersey.

16.     On information and belief, Interpleader Defendant Silvera Asset Group LLC is a Delaware limited liability company with its principal place of business at One Dag Hammarskjold Plaza, 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Silvera Asset Group LLC is a citizen of New Jersey.

17.     On information and belief, Interpleader Defendant Silvera Property Group is a business entity (status of incorporation not yet determined) with its principal place of business at One Dag Hammarskjold Plaza, 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief,

5

Interpleader Defendant Silvera Property Group is a citizen of New Jersey. On information and belief, Silvera Property Group is not incorporated in Virginia.

18.     On information and belief, Interpleader Defendant Surrey Bucharest LLC is a Delaware limited liability company. Its principal place of business has not yet been determined. On information and belief, Interpleader Defendant Surrey Bucharest LLC is a citizen of New York and New Jersey. On information and belief, the principal place of business of Surrey Bucharest LLC is not in Virginia.

19.     On information and belief, Interpleader Defendant Surrey Equities Acquisition is a business entity (status of incorporation not yet determined). Its principal place of business has not yet been determined. On information and belief, Interpleader Defendant Surrey Equities Acquisition is a citizen of New York and New Jersey. On information and belief, Surrey Equities Acquisition is not incorporated in Virginia nor is its principal place of business in Virgina.

20.     On information and belief, Interpleader Defendant Surrey Fondren Investors LLC is a Delaware limited liability company with its principal place of business at 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Surrey Fondren Investors LLC is a citizen of New York and New Jersey.

21.     On information and belief, Interpleader Defendant Surrey Forrest Oaks LLC is a Delaware limited liability company. Its principal place of business has not yet been determined. On information and belief, Interpleader Defendant Surrey Forrest Oaks LLC is a

citizen of New York and New Jersey.  On information and belief, the principal place of business of  Surrey Forrest Oaks LLC is not in Virginia.

22.     On information and belief, Interpleader Defendant Surrey Inverness LLC is a Delaware limited liability company with its principal place of business at 40 Fulton Street, 4th Floor, New York, NY 10038.  On information and belief, Interpleader Defendant Surrey Inverness LLC is a New Jersey citizen.

23.     On information and belief, Interpleader Defendant Surrey Inverness LLC Wells Fargo NA as Trustee for Registered Holders of Chase Commercial MTG SEC Corp. is a business entity (status of incorporation not yet determined). Its principal place of business has not yet been determined.  On information and belief, Interpleader Defendant Surrey Inverness LLC is a citizen of New York and New Jersey. On information and belief, Surrey Inverness LLC is not incorporated in Virginia nor is its principal place of business located there.

24.     On information and belief, Interpleader Defendant Surrey Medwick Acquisitions LLC is a Delaware limited liability company with its principal place of business at One Dag Hammarskjold Plaza, 885 Second Avenue, 34th Floor, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038.  On information and belief, Interpleader Defendant Surrey Medwick Acquisitions LLC is a citizen of New York and New Jersey.

25.     On information and belief, Interpleader Defendant Surrey Property Management LLC is a Delaware limited liability company with its principal place of business at 40 Fulton Street, 4th Floor, New York, NY 10038.  On information and belief, Interpleader Defendant Surrey Property Management LLC is a citizen of New York and New Jersey.

26.    On information and belief, Interpleader Defendant Surrey Sawmill Acquisition LLC is a business entity (status of incorporation not yet determined) with its principal place of business at 40 Fulton Street, 4th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Surrey Sawmill Acquisition LLC is a citizen of New York and New Jersey. On information and belief, Surrey Sawmill Acquisition is not incorporated in Virginia.

27.    On information and belief, Interpleader Defendant Surrey Sawmill Partners LLC is a business entity (status of incorporation not yet determined) with its principal place of business at 40 Fulton Street, 4th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Surrey Sawmill Partners LLC is a citizen of New York and New Jersey. On information and belief, Surrey Sawmill Partners LLC is not incorporated in Virginia.

28.    On information and belief, Interpleader Defendant Surrey Sawmill Management Corp. is a Delaware corporation with its principal place of business at 885 Second Avenue, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Surrey Sawmill Management Corp. is a citizen of New York and New Jersey.

29.    On information and belief, Interpleader Defendant Tivoli Partners LLC is a New York and Delaware limited liability company with its principal place of business at 885 Second Avenue, New York, NY 10017 and 40 Fulton Street, 6th Floor, New York, NY 10038. On information and belief, Interpleader Defendant Tivoli Partners LLC is a citizen of New York and New Jersey.

30.    Basset LLC, Commerce Center Acquisition LLC, Commerce Center Manager LLC, Jacob Frydman, Edward Silvera and Eve Silvera, Jafco Holdings LLC, Leon Edward Silvera by Edward Silvera Custodian, Sawmill Investors LLC, Sawmill Management Corp., Silvera Asset Group LLC, Silvera Property Group, Surrey Bucharest LLC, Surrey Equities Acquisition, Surrey Equities LLC, Surrey Fondren Investors LLC, Surrey Forrest Oaks LLC, Surrey Inverness LLC, Surrey Inverness LLC Wells Fargo NA as Trustee for Registered Holders of Chase Commercial MTG SEC Corp., Surrey Medwick Acquisitions LLC, Surrey Property Management LLC, Surrey Sawmill Acquisition LLC, Surrey Sawmill Partners LLC, Surrey Sawmill Management Corp.; and Tivoli Partners LLC are hereinafter collectively referred to as the "Interpleader Defendants".

## Jurisdiction and Venue

31.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because (i) complete diversity of citizenship exists between the parties; and (ii) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

32.    Venue in this District is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, events at issue occurred in this venue. Thus venue is not inconvenient for the parties.

33.    This Court has original jurisdiction over the cause of action for Interpleader against Defendants and Interpleader Defendants, because (i) Capital One has in its possession money in the amount of $500.00 or more, and (ii) there are two or more adverse claimants of diverse citizenship who are claiming or may claim to be entitled to such money, and

(iii) Capital One shall, pursuant to Order of this court, deposited such money into the registry of the court, there to abide the judgment of this Court.

**Count 1**
**(Breach of Contract Under the 2010 Surrey Note, 2010 Letter Agreement, and Surrey Guarantees Against Defendants)**

A.     **The Surrey Note**

34.     On or about October 3, 2006, pursuant to a letter agreement dated September 21, 2006 (the "2006 Letter Agreement"), by and between North Fork and Surrey, North Fork agreed to make available to Surrey a line of credit (the "Line of Credit") up the aggregate amount of $500,000.00.  In connection with the 2006 Letter Agreement, on or about October 3, 2006, Surrey executed and delivered to North Fork a Promissory Note, dated September 21, 2006 (the "2006 Surrey Note") in the principal amount of $500,000.00 with interest at a floating rate equal to North Fork's prime rate plus 1.0%, whereby Surrey promised to pay, upon the maturity date of September 21, 2007, the aggregate amount of all advances together with accrued interest thereon which had not been previously repaid.  A copy of the 2006 Letter Agreement and the 2006 Surrey Note are attached hereto as Exhibits 2 and 3 respectively.

35.     The 2006 Letter Agreement and 2006 Surrey Note were replaced, superseded and modified from time to time, including but not limited to letter agreements dated September 24, 2007, December 26, 2007, and February 3, 2009 and promissory notes dated January 1, 2008 and January 1, 2009.  A copy of the September 24, 2007, December 26, 2007, and February 3, 2009 letter agreements and promissory notes dated January 1, 2008 and January 1, 2009 are attached hereto as Exhibits 4, 5, 6, 7, 8 respectively.

36.     On January 1, 2010, defendant Surrey executed a letter agreement dated December 28, 2009 (the "2010 Letter Agreement") and a Promissory Note in the principal amount of $600,000.00 (the "2010 Surrey Note") in favor of Plaintiff Bank.  A copy of the 2010 Surrey Note and the 2010 Letter Agreement are attached hereto as Exhibits 9 and 10

respectively.  By their terms, the 2010 Surrey Note and the 2010 Letter Agreement replace and supersede all previous promissory notes and letter agreements.

37.     Under the terms and conditions of the 2010 Surrey Note and 2010 Letter Agreement, defendant Surrey borrowed money and received other financial accommodations from plaintiff Bank, and Surrey promised to pay the principal amount plus interest thereon from the date thereof as provided therein.

38.     Pursuant to the paragraph "Rate and Payment" of the 2010 Surrey Note, interest was payable monthly on the terms therein beginning on February 1, 2010 and on the first day of the month thereafter until January 1, 2011, when all unpaid principal and interest was due in full.

39.     Pursuant the paragraph entitled "Default" of the 2010 Surrey Note, upon an event of default, as prescribed in the 2010 Surrey Note (the "2010 Surrey Note Events of Default"), the Bank may declare the entire unpaid balance due and payable.  Exhibit 9 at 2.

40.     Among the other 2010 Surrey Note Events of Default, the Bank may declare the entire unpaid balance due and payable upon the happening of the (i) failure to pay any amount required by the 2010 Surrey Note when due, or any other obligation owed to the Bank by Surrey or any guarantor, or failure to have sufficient funds in its account for loan payments to be debited on the due date ("Surrey Payment Default") or (ii) the occurrence of a default under the 2010 Letter Agreement, any Guaranty, or any other document or instrument given to the Bank in connection with the loan evidenced by the 2010 Surrey Note.   Exhibit 9 at 2.

41.     Pursuant to the paragraph "Default Interest Rate" of the 2010 Surrey Note, on and after an occurrence of any event of default and until the entire principal sum of the 2010 Surrey Note has been fully paid, the unpaid principal shall bear interest at a rate equal to 24% percent per centum until the entire principal amount has been paid in full, both before and after the entry of any judgment.  Exhibit 9 at 2.

42.     Pursuant to the paragraph "Late Charges" of the 2010 Surrey Note, Surrey will pay a charge of 4% of the amount which cannot be debited from its account due to insufficient balance on the debit date.  Exhibit 9 at 2.

43.     In order to induce plaintiff Bank from time to time, in its discretion, to extend or continue credit or other financial accommodations to Surry, defendant Frydman executed and delivered to the Bank that certain Guaranty of All Liability dated January 1, 2010 ("Frydman 2010 Surrey Guaranty"), defendant Leon Silvera executed and delivered to the Bank that certain Guaranty of All Liability dated January 1, 2010 ("Leon Silvera 2010 Surrey Guaranty"), and defendant Edward Silvera executed and delivered to the Bank that certain Guaranty of All Liability dated January 1, 2010 ("Edward Silvera 2010 Surrey Guaranty") (collectively, the "Surrey Guarantors"), each of which unconditionally guaranteed to plaintiff Bank the payment of obligations of Surrey to plaintiff Bank, of whatever nature, whether then existing or thereafter incurred, including without limitation, the obligations of Surrey under the 2010 Surrey Note and 2010 Letter Agreement (collectively, the "Surrey Guaranties").  A copy of the Frydman 2010 Surrey Guaranty is attached hereto as Exhibit 11.  A copy of the Leon Silvera 2010 Surrey Guaranty is attached hereto as Exhibit 12.  A copy of the Edward Silvera 2010 Surrey Guaranty is attached hereto as Exhibit 13.

44.    On January 1, 2011, the 2010 Surrey Note matured.  Since that time, the 2010 Surrey Note has remained unpaid.

45.    As of January 1, 2011, Surrey has defaulted and remains in default of the obligation to pay to Capital One on all amounts under the 2010 Surrey Note and 2010 Letter Agreement, including but not limited to, all interest and associated commissions, fees, expenses, and costs.  By letter dated January 14, 2011, plaintiff Bank made a demand for payment on Surrey and the Surrey Guarantors for the amounts owing and due under the 2010 Surrey Note and the 2010 Letter Agreement (the "2010 Surrey Note Demand Letter").  Pursuant to the 2010 Surrey Note Demand Letter, plaintiff Bank declared the entire unpaid balance of principal and interest, and all other amounts payable under the 2010 Surrey Note and 2010 Letter Agreement, immediately due and payable.  A copy of the 2010 Surrey Note Demand Letter is attached hereto as Exhibit 14.

**B.    Breach of the 2010 Surrey Note and Related Guaranties**

46.    To date, neither Surrey nor the Surrey Guarantors have paid the outstanding principal balance of the 2010 Surrey Note and 2010 Letter Agreement.

47.    Surrey and the Surrey Guarantors have breached the 2010 Surrey Note, 2010 Letter Agreement, and the Surrey Guaranties, for those reasons stated above, including but not limited to the failure to comply with the obligations under the 2010 Surrey Note to pay Capital One the full amount of the unpaid principal, interest and late fees in the amount of $637,982.95 together with interest and all associated commissions, fees, expenses, and costs, which became due and payable on demand from Capital One.  A schedule showing the

calculation of the amounts of principal, interest and late charges due as of March 14, 2011 under the 2010 Surrey Note is attached hereto as Exhibit 15.

48.     Surrey and the Surrey Guarantors' breach of contract have resulted in damages to Capital One in an amount to be determined at trial, which is far in excess of the jurisdictional amount of this Court.

49.     Pursuant to the paragraph "Attorneys Fees" of the 2010 Surrey Note, and the paragraph "Miscellaneous" of the Surrey Guaranties, Surrey and the Surrey Guarantors agreed to pay the Bank's attorneys fees in the event that the Bank retains counsel with respect to enforcements of 2010 Surrey Note or any other document or instrument given to the Bank, including but not limited to the Surrey Guaranties.

50.     Capital One has incurred and continues to incur costs and expenses, including fees and disbursements of in-house and outside counsel, in regard to enforcing the obligations under the Agreement.

## Count 2
### (Estoppel Against Defendants)

51.     Capital One repeats and realleges each and every allegation as set forth above.

52.     In entering into the transactions at issue, Capital One relied directly upon the express representations of Defendants with regard to the above noted notes, letter agreements, and guaranty agreements, including but not limited to the 2010 Surrey Note, 2010

Surrey Letter Agreement, Surrey Guaranties, the Restated Elite Agreement, the Elite Guaranty and related documents (the "Agreements").

53.     Defendants entered into the Agreements with full knowledge of Capital One's reliance upon their representations therein and, indeed, made such representations to induce Capital One to rely thereon.

54.     Capital One has been injured as a direct and proximate result of Defendants' failure to honor the express representations in the Agreements.

55.     Based upon the foregoing, Defendants are now estopped from disputing the representations and promises in the Agreements.

### Count 3
### (Unjust Enrichment and Quantum Meruit Against Defendants)

56.     Capital One repeats and realleges each and every allegation as set forth above.

57.     As a result of Defendants' conduct as set forth above, the Defendants have been unjustly enriched.

58.     Capital One is entitled to recovery under the doctrines of quasi-contract, quantum meruit and unjust enrichment.

### Count 4
### (Veil Piercing Against Defendants and Interpleader Defendants)

59.     Capital One repeats and realleges each and every allegation as set forth above.  For purposes of this count, Defendants and Interpleader Defendants are referred to collectively as "Defendants".

60.     Capital One should recover for these debts from the Defendants, because these entities and individuals do not maintain the proper corporate form.  To permit them to simultaneously avoid liability through misuse of the corporate form while not observing their obligations would be inequitable, and would work a significant and unfair hardship on Capital One, while amounting to a windfall for these Defendants.  Indeed, unless Capital One is paid directly by the Defendants, they will enjoy the benefits of the corporate form as a shield for liability without accepting their responsibility to maintain that form.

61.     Upon information and belief, the Defendants have not observed the formalities and responsibilities that are part and parcel of their corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like.  For example, records at Secretary of State do not correspond to the information provided to Capital One.  In some instances, records at the Secretary of State indicate that some Defendants are no longer in good standing.

62.     Upon information and belief, the Defendants are closely-related limited liability corporations organized under the laws of that States of New York and Delaware. Defendant Surrey Equities LLC admits that it was "formed in 2004 by Edward Silvera, Leon Silvera and Jacob Frydman" and that it "is a real estate investment and management firm." http://www.surreyequities.com/aboutUs.php. Upon information and belief, the Defendants are in the same business as Surrey Equities LLC, that is "real estate investment and management."

Moreover, upon information and belief, the other entities also were formed by the two Silveras and Frydman, or entities controlled by them.

63.    Upon information and belief, some or all of the Defendants are inadequately capitalized.  See counts *infra*. Breach of and default on these obligations establishes that these entities are inadequately capitalized.

64.    Upon information and belief, funds are put in and taken out of the Defendants for personal rather than corporate purposes.  For example, Defendant Leon Silvera has transferred money from business accounts to his personal banking account at Bank of America.

65.    Upon information and belief, there is significant overlap in ownership, officers, directors, and personnel for Defendants LLCs.  This overlap establishes that the entities are not independent of one another.

66.    Upon information and belief, the Defendants use common office space, addresses, and telephone numbers for their corporate entities.  For example, Surrey Equities LLC lists their address on bank records as:  Surrey Equities, LLC, 885 Second Avenue - 34th Floor, 1 Dag Hammarskjold Plaza, New York, NY 10017-2201.  At the same time, Defendant Frydman gave this exact location as his address as personal guarantor.  When Frydman moved his offices to 40 Fulton Street Floor 6, New York, NY 10038, the offices for Surrey Equities, LLC moved to the same office.  The Fulton Street office also seems to house Frydman's offices for Hudson York Capital LLC, whose Managing Partner is Defendant Frydman.  http://hudson-york.com/. Hudson-York Capital is described as "a privately held real estate development and investment firm that generates superior returns for its institutional and high net worth individual partners."

When corresponding on business for Surrey Equities, Defendant Frydman uses his personal email address for Hudson York Capital, an apparently unrelated corporate entity.  When corresponding with Capital One concerning the accounts of the Defendant LLCs, Frydman gave instructions to the bank about the corporate accounts using the email for jf@hudson-york.com. This email address appears to be an address for another business of Defendant Frydman, Hudson York Investors.  Other business entities are co-located at 40 Fulton Street, including Silvera Asset Group, which lists its contact information as joseph@silveraasset.com, presumably Joseph Frydman.  Silvera Asset Group is described on the website of Defendant Surrey Equities as "our sister company".  http://www.surreyequities.com/acquisitionCriteria.php.   These uses of common business facilities establishes that the entities and individuals are not operating independently of one another.

67.     Upon information and belief, the Defendants have co-mingled their funds. This establishes that the entities are subject to common control over their finances, funds, and property.

68.     Upon information and belief, the Defendants exercise little, if any, independent business discretion.  This establishes that the entities are commonly controlled and do not exercise independent business judgment.

69.     Upon information and belief, the related Defendants do not deal with one another at arm's length.

70.     Upon information and belief, the Defendants are not treated as independent profit centers.  Upon information and belief, they do not regularly document

transfers of money between entities as "loans" nor do they charge interest on loans at an arm's length rate for "loans" or transfers of money between entities.

71.    Upon information and belief, the Defendants do not document services rendered or compensation therefor between the entities or the individuals.

72.    Upon information and belief, both the Defendants have paid or guaranteed debts of the other corporations in the group.

73.    Upon information and belief, Individual Defendants Frydman and Silvera have purported to issue to Capital One conflicting instructions about disbursement of funds from the corporate accounts. Defendant Leon Silvera as an officer of certain Surrey entities instructed Capital One that he had signing authority on behalf of the entities and drew checks on the accounts consistent with that authority. And Defendant Frydman insisted that, notwithstanding Leon Silvera's status as officer, checks should only be draw that included his signature or that of his agent. While Capital One was entitled to rely on such instructions as they were issued, such conflicting instructions by two individuals demonstrate that Frydman and Leon Silvera were acting in their own personal interest, rather than in the interests of the entities that were named on the accounts. Had Leon Silvera and Frydman been acting on behalf of the corporation, there would have been no need for them to attempt to control the corporate funds through their personal signing authority. The only inference to be drawn from these instructions is that Leon Silvera and Frydman were attempting to personally exercise control over the corporate accounts. This further demonstrates that Leon Silvera and Frydman were purporting to exercise dominion and control over the corporate entities, the corporate accounts, the property of these entities, as well as their finances, contracts, and funds.

74.     Upon information and belief, the Defendants use the property of the other as if it were its own.

75.     In fact, the Defendants Surrey Equities, Surrey Property Management, and the Defendant Jacob Frydman have made significant judicial admissions in a lawsuit they filed against Capital One in the Supreme Court of New York, admissions with respect to these entities and individuals as alter egos of one another. *Surrey Equities, LLC and Surrey Property Management, LLC v Capital One,* NA, Index Number 301848-2011, Amended Complaint ("NYS Complaint").

76.     For example, in paragraph 3 of their NYS Complaint, Defendants Surrey Equities, Surrey Property Management, and Frydman admit that Defendants Surrey Equities and Surrey Property Management are owned, like other LLC Defendants, by the Silvera Defendants and by a corporate entity "controlled by" Defendant Frydman.  NYS Complaint, Paragraph 3. These admissions establish both common ownership and control between these entities and individuals.

77.     Further, in paragraph 4 of their NYS Complaint, Defendants Surrey Equities, Surrey Property Management, and Frydman make a judicial admission that the Defendants Surrey Equities and Surrey Property Management established checking and money market accounts in the name of and for many of the other Interpleader Defendants with Capital One.  NYS Complaint, paragraph 4.  These judicial admissions establish control over the finances, contracts, property, and funds of these entities as well as the exercise of business discretion by Defendants Surrey Equities and Surrey Property Management and Frydman.

Indeed, Defendant Frydman himself "controls" an owner of Surrey Equities and Surrey Property Management, which established these accounts for the other entities.

78.     Further, in paragraph 5 of the NYS Complaint, Defendant Frydman asserts that no checks could be drawn from the accounts of these entities without his signature or that of his agent.  NYS Complaint, paragraph 5.  This judicial admission establishes his individual dominion and control over the corporate entities, the corporate accounts, the property of these entities, as well as their finances, contracts, and funds.

79.     Finally, in asserting that Capital One permitted checks to be drawn from the corporate accounts without his signature, Defendant Frydman and Surrey Equities with Surrey Property Management allege the checks were drawn from the corporate accounts in derogation of Frydman's personal rights.  NYS Complaint, paragraph 6.  The NYS Complaint by Surrey Equities, Surrey Property Management, and Frydman even alleges that Frydman personally was damaged because checks were drawn from the corporate accounts without his signature, rather than that the entities themselves were damaged.  In seeking damages personally for Frydman for checks drawn from corporate accounts, Defendant Surrey Equities, Surrey Property Management, and Frydman made a judicial admission that Frydman exercises dominion and control over these corporate entities, the corporate accounts, the property of these entities, as well as their finances, contracts, and funds.

22.     Specifically, the NYS Complaint expressly alleges that:

**Facts**

**The Surrey Plaintiffs' Checking Accounts**

3.     Both plaintiff Surrey Equities, LLC and plaintiff Surrey Property Management, LLC, at all times relevant hereto, were

owned by Leon Silvera, Edward Silvera, and Tivoli Partners, LLC, an entity controlled by Jacob Frydman and managed by Leon Silvera, Edward Silvera, and Jacob Frydman.

4.      Beginning in 2004, the Surrey Plaintiffs established with Capital One and/or its predecessor-in-interest, Northfork Bank, the following checking and/or money market accounts:

| Account Holder | Checking Account Number | Money Market Account Number |
|---|---|---|
| Surrey Equities LLC | | |
| Surrey Equities Acquisition | | |
| Surrey Property Management, LLC | | |
| Surrey Fondren Investors (IXIS Acc't) | | |
| Surrey Fondren Investors (MMA) | | |
| Surrey Fondren Investors, LLC (Distribution Acc't) | | |
| Surrey Sawmill Acquisition, LLC | | |
| Surrey Sawmill Management Corp. | | |
| Surrey Sawmill Partners, LLC | | |
| Sawmill Investors, LLC | | |
| Surrey Bucharest, LLC | | |
| Surrey Medwick Acquisition, LLC (MMA) | | |

Surrey Medwick
Acquisition, LLC
(Clearing Acc't)

5.     According to the explicit terms of the relevant account
agreements, no checks could be drawn on the checking accounts
without the signatures of at least two signatories, one of whom was
required to be Jacob Frydman and/or his agent.

### Capital One's Violation of the Account Agreements

6.     Notwithstanding the forgoing, and in derogation of Mr.
Frydman's rights, Capital One improperly cleared an amount to be
determined at trial, but believed to be in excess of approximately
$15 million, in checks drawn on the accounts of the Surrey
Plaintiffs in violation of and in breach of its agreement not to do
so."

NYS Complaint, paragraphs 3-6.

### Count 5
### (Interpleader Against Defendants and Interpleader Defendants)

80.     The Interpleader Defendants have a total of approximately 28 accounts

(the "Accounts") with Capital One.

81.     Interpleader Defendants claim that they are entitled to withdraw funds

from the Accounts under conflicting and irreconcilable instructions.  Defendant Frydman alleges

that funds in these accounts were withdrawn improperly over the signature of the Silvera

defendants.

82.     Capital One is unable to determine which, if any, of the Interpleader

Defendants is entitled to the remaining proceeds in the Accounts.

83.     The provisions of 28 U.S.C. 1335(a) authorize Capital One to interplead

all claimants upon the accounts and that Capital One is entitled to interplead all sums with the

Court.

84.     Further, Capital One has no interest in and asserts no claim to the accounts, except as it is entitled to its attorney's fees and costs for prosecuting this Interpleader action.

85.     Capital One is ready, willing and able to tender the proceeds of the Accounts currently in its possession in the amount of approximately $556,274.12 to any interpleading party or parties as the Court shall designate and to thereafter close the Accounts.

86.     Capital One has not brought this claim for Interpleader at the request of any or all of the claimants; there is no fraud or collusion between Capital One and any or all of the claimants.  Capital One brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

87.     Until this Court rules on who is the proper party, or parties, to receive the payments, Capital One cannot safely determine the proper payee without risking exposure to multiple liability to multiple parties.

88.     By this Complaint for Interpleader, Capital One requests that the Court excuse Capital One from releasing funds to Defendants until the Complaint for Interpleader is decided.

89.     Capital One cannot safely determine to which entity to make the payments at issue and, as long as its payments are released, has no interest (except to recover its attorneys' fees and costs of this action) as to which entity it pays.  Capital One therefore respectfully requests this Court determine to whom said payments should be made.

90.     Capital One has incurred attorney's fees and costs as a result of these proceedings to date in the preparation and institution of these proceedings, and will incur additional costs and fees hereafter.  Such attorneys' fees and costs are and should be a legal

charge upon the payments at issue and same should be repaid to Capital One out of said payments, or in the alternative, if not repaid out of the payments at issue, the attorneys' fees and costs incurred by Capital One should be paid to Capital One by Defendants, jointly and severally. The rights of Capital One to its fees should be paid over any competing claim, should the amount be insufficient. Capital One also has incurred significant expenses and losses investigating, responding to and paying claims against the accounts, and the Defendants, and each of them, must reimburse Capital One and comply with all applicable requirements of the Agreements and any agreements relating to the Accounts with respects to those expenses and losses.

## Count 6
### (Declaratory Judgment Against Defendants and Interpleader Defendants)

91.     Capital One repeats and realleges each and every allegation as set forth above.

92.     In light of the competing demands by the Parties, Capital One is unable to ascertain the rightful owner of the $556,274.12 held on deposit in the Accounts with the Bank. Exhibit ___, Chart of Defendants' Deposit Accounts.

93.     Accordingly, a judicial determination is necessary and appropriate at this time under the circumstances in order that the Parties may ascertain their respective rights, duties and interests regarding $556,274.12 held on deposit in the Accounts with the Bank.

**WHEREFORE**, Plaintiff Capital One respectfully requests that this Court enter judgment in its favor and against the Defendants as follows:

(a)     On the First Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies available as provided under the 2010 Surrey Note, 2010 Letter Agreement, Surrey Guaranties, and related documents, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses, and all interest on the damages sustained as a result of the breach, on all commissions, costs, and expenses applicable under the 2010 Surrey Note, 2010 Letter Agreement, Surrey Guaranties, and related documents and on all counsel fees incurred in enforcing its rights as set forth therein;

(b)     On the Second Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses;

(c)     On the Third Count, a judgment against Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses;

(d)     On the Fourth Count, a judgment against Defendants and Interpleader Defendants in the amount to be determined at trial, including all damages sustained, rights and remedies, reasonable costs and expenses incurred in this action, including counsel fees, and any other expenses;

(e)     On the Fifth Count,  that the Court enter an order requiring Defendants to interplead in this action and to litigate their respective rights herein to the $556,274.12 that is now in possession of Capital One, less attorney's fees, costs and damages

incurred to bring this action, or be forever barred and enjoined from asserting any claims against Capital One; that the Court, upon motion of the Capital One, authorize and direct Capital One to pay to the Clerk of the Court, the aforesaid sum of approximately $556,274.12; that each of the Defendants and Interpleader Defendants be restrained from instituting or further prosecuting any proceeding or action against Plaintiff in any state court involving the $556,274.12 pursuant to 28 U.S.C. 1335(a); that this Court stay any other proceedings which have been filed against Capital One and enjoin any further suits in these proceedings upon Capital One's interpleading with the Court the sum of the Accounts; that the Court enter its judgment of declaratory relief regarding the parties' respective rights, duties and obligations concerning the aforementioned $556,274.12; that attorney's fees should be paid first from the sums before any other competing claim; that Plaintiff be awarded from the funds deposited with the Clerk of this Court its attorney's fees and costs incurred in pursuing the interpleader remedy in an amount to be determined by the Court pursuant to $556,274.12 and other applicable sections of the Agreements or the Account Agreements; that Plaintiff be discharged from any and all liability as to each Defendant and Interpleader Defendants with respect to the $556,274.12 or any costs, interest, or charges in connection therewith; that this Court enter its order and judgment forever releasing and discharging Capital One from all liability as to Defendants and Interpleader Defendants;

(f)     On the Sixth Count, for declaratory relief upon payment of the Account sums of each of the subject Accounts into the registry of the Court, that Capital One be discharged from any further liability under the Accounts and that the Accounts shall be closed.

(g)     The costs and disbursements as taxed by the Clerk of the Court; and

       (h)     Awarding Capital One such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: New York, New York
      March 15, 2011

Carla R. Walworth  (CW-5401)
Cynthia A. Curtin
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile:  212-319-4090
carlawalworth@paulhastings.com
cynthiacurtin@paulhastings.com

ATTORNEYS FOR PLAINTIFF CAPITAL
ONE, N.A.

LEGAL_US_E # 92117642.10